UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THERESE GAMBLE,

    Plaintiff,

v.                                      CASE NO.: 3:20-cv-00798-BJD-MCR

UNIVERSITY OF NORTH FLORIDA
BOARD OF TRUSTEES,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, University of North Florida Board of Trustees (the "University" or "Defendant"), responds to the respective paragraphs of Plaintiff's Amended Complaint and Demand for Jury Trial as follows:

### GENERAL ALLEGATIONS

1. Admitted for jurisdictional purposes only.

2. Admitted for venue purposes only.

### PARTIES

3. Defendant is without knowledge regarding the allegations contained in paragraph 3; therefore, they are denied.

4. Defendant admits that the University of North Florida is a public state university in Jacksonville, Florida, that is part of the State University System of Florida, but otherwise denies the allegations contained in paragraph 4.

## FACTUAL ALLEGATIONS

5. Defendant admits that this Court has jurisdiction over Plaintiff's claims, but otherwise denies the allegations contained in paragraph 5 and denies the Plaintiff is entitled to any relief or remedy.

### Gamble's Disabilities and Enrollment in UNF's Doctoral Leadership Program

6. Defendant is without knowledge as to the allegations contained in paragraph 6; therefore, they are denied.

7. Defendant is without knowledge as to the allegations contained in paragraph 7; therefore, they are denied.

8. Defendant is without knowledge as to the allegations contained in paragraph 8; therefore, they are denied.

9. Defendant is without knowledge as to the allegations contained in paragraph 9; therefore, they are denied.

10. Defendant is without knowledge as to the allegations contained in paragraph 10; therefore, they are denied.

11. Defendant is without knowledge as to the allegations contained in paragraph 11; therefore, they are denied.

12. Defendant is without knowledge as to the allegations contained in paragraph 12; therefore, they are denied.

13. Defendant is without knowledge as to the allegations contained in paragraph 13; therefore, they are denied.

14. Defendant admits that Plaintiff applied for and was accepted into the University's Educational Leadership Doctoral Program, but otherwise denies the allegations contained in paragraph 14.

15. Defendant admits that, as the spouse of an employee, she was eligible to receive a Tuition Scholarship for Spouse or Dependents if she remained in good academic standing, but otherwise denies the allegations contained in paragraph 15.

16. Admitted.

17. Defendant admits that Plaintiff registered with the University's Disability Resource Center and was authorized to receive certain accommodations, but otherwise denies the allegations contained in paragraph 17.

18. Defendant admits that Plaintiff was approved for accommodations, including use of a table or chair in the classroom and priority registration, but otherwise denies the allegations contained in paragraph 18.

19. Admitted.

**Requests for Medical Withdrawal During the Spring 2016 Semester**

20. Defendant is without knowledge as to the allegations contained in paragraph 20; therefore, they are denied.

21. Defendant is without knowledge as to the allegations contained in paragraph 21; therefore, they are denied.

22. Defendant is without knowledge as to the allegations contained in paragraph 22; therefore, they are denied.

23. Defendant is without knowledge as to the allegations contained in paragraph 23; therefore, they are denied.

24. Defendant is without knowledge as to the allegations contained in paragraph 24; therefore, they are denied.

25. Denied.

26. Denied.

27. Defendant admits that Professor Ali-Khan encouraged Plaintiff to seek assistance from the University's Writing Center and Plaintiff sought assistance from the Writing Center, but otherwise denies the allegations contained in paragraph 27.

28. Defendant admits that Plaintiff contacted the University's Writing Center during the Fall 2015 semester, but otherwise denies the allegations contained in paragraph 27.

29. Denied.

30. Denied.

31. Denied.

32. Defendant admits that the DRC issued a letter dated March 30, 2016 listing "flexible attendance due to disability" as one of the Plaintiff's classroom accommodations but otherwise denies the allegations in paragraph 32.

33. Defendant is without knowledge as to the allegations contained in paragraph 33; therefore, they are denied.

34. Defendant admits that Plaintiff submitted a request for partial Medical Withdrawal from her Cultural Social Foundations course, but otherwise denies the allegations contained in paragraph 34.

35. Defendant's policies speak for themselves; therefore, any allegations contained in paragraph 35 are denied.

36. Denied.

37. Defendant admits that Plaintiff's medical withdrawal request included a letter from a medical provider. The letter speaks for itself; therefore, Defendant otherwise denies the allegations contained in paragraph 37.

38. Defendant admits that Plaintiff's request for partial medical withdrawal was denied, but otherwise denies the allegations contained in paragraph 38.

39. Defendant admits that Plaintiff appealed the denial of her request for partial medical withdrawal, but otherwise denies the allegations contained in paragraph 39.

40. Defendant admits that Plaintiff met with certain UNF faculty and administration regarding her appeal, but otherwise denies the allegations contained in paragraph 40.

41. Denied.

42. Denied.

43. Denied.

### August 2016 Complaint for Disability Discrimination

44. Defendant admits that Plaintiff enrolled in classes for the Summer 2016 semester, but otherwise denies the allegations contained in paragraph 44.

45. Denied.

46. Denied.

47. Denied.

48. Defendant admits that Plaintiff earned a grade of "A" in Writing for Scholarship and "B+" in Educational Leadership III: Organizational Theory & Design in Summer 2016, but otherwise denies the allegations contained in paragraph 48.

49. Defendant admits that Plaintiff submitted an appeal of her grade in Social and Cultural Foundations, but otherwise denies the allegations contained in paragraph 49.

50. Denied.

51. Denied.

52. Defendant admits that it hired an outside investigator to investigate Plaintiff's complaints, but otherwise denies the allegations contained in paragraph 52.

53. Denied.

54. Admitted.

55. Defendant admits that the outside investigator found Plaintiff's allegations of disability discrimination were without merit and recommended the Plaintiff be provided a partial medical withdrawal, but otherwise denies the allegations contained in paragraph 55.

56. Denied.

57. Denied.

58. Defendant admits that Plaintiff enrolled in three classes during the Fall 2016 semester, but otherwise denies the allegations contained in paragraph 58.

59. Defendant is without knowledge as to the allegations contained in paragraph 59; therefore, they are denied.

60. Denied.

61. Denied.

62. Denied.

63. Defendant is without knowledge as to the allegations contained in paragraph 63; therefore, they are denied.

64. Denied.

65. Defendant is without knowledge as to the allegations contained in paragraph 65; therefore, they are denied.

66. Defendant admits that Plaintiff sent an email asserting that she felt she was being forced out of the COEHS program, but otherwise denies the allegations contained in paragraph 66.

67. Denied.

68. Defendant's policies speak for themselves; therefore, any allegations contained in paragraph 68 are denied.

69. Defendant admits that, on December 14, 2016, the University informed Plaintiff the outside investigator recommended that the University grant Plaintiff's request for partial

medical withdrawal and that the University granted Plaintiff's request for partial medial withdrawal from her Spring 2016 Cultural Social Foundations course. Defendant otherwise denies the allegations contained in paragraph 69.

70. Admitted.

### Placement on Academic Probation During the Spring 2017 Semester

71. Defendant admits that Plaintiff received grades at the end of the Fall 2016 semester, but otherwise denies the allegations in paragraph 71.

72. Defendant admits that, in a letter dated January 3, 2017, the University notified Plaintiff that she was on Academic Probation from the Educational Leadership Program, but otherwise denies the allegations in paragraph 72.

73. The January 3, 2017 letter speaks for itself; therefore, any allegations contained in paragraph 73 are denied.

74. The January 3, 2017 letter speaks for itself; therefore, any allegations contained in paragraph 74 are denied.

75. Denied.

76. Denied.

77. Denied.

### Administrative Suspension and Dismissal from UNF

78. Denied.

79. Admitted.

80. Denied.

81. Admitted.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Defendant admits that, in a letter dated May 3, 2017, the University notified Plaintiff that she was suspended from the Educational Leadership Program, but otherwise denies the allegations in paragraph 86.

87. The May 3, 2017 letter speaks for itself; therefore, any allegations contained in paragraph 87 are denied.

88. Defendant admits that doctoral teach faculty met on June 6, 2017 to discuss Plaintiff's dismissal from the Educational Leadership Program, but otherwise denies the allegations in paragraph 88.

89. Denied.

90. Defendant admits that Plaintiff was dismissed from the Educational Leadership Program, but otherwise denies the allegations in paragraph 90.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Defendant's policies speak for themselves; therefore, any allegations contained in paragraph 97 are denied.

98. Denied.

99. Denied.

100. Admitted.

101. Defendant admits that, in a letter dated June 7, 2017, the University notified Plaintiff that she was dismissed from the Educational Leadership Program, but otherwise denies the allegations in paragraph 101.

102. Denied.

103. Denied.

### Discrimination Investigation Following Gamble's Dismissal

104. Defendant is without knowledge regarding the allegations contained in paragraph 104; therefore, they are denied.

105. Defendant admits that the OCR conducted an investigation of Plaintiff's complaint to the agency, but otherwise denies the allegations contained in paragraph 105.

106. The OCR's investigative findings speak for themselves; therefore, any allegations contained in paragraph 106 are denied.

107. The OCR's investigative findings speak for themselves; therefore, any allegations contained in paragraph 107 are denied.

108. Admitted.

109. Admitted.

110. Denied.

111. Denied.

112. Defendant admits that Plaintiff's husband retired from his employment with the University and Plaintiff is no longer eligible to receive employment based tuition assistance, but otherwise denies the allegations contained in paragraph 112.

113. Denied.

114. Denied.

## COUNT I
## (REHABILITATION ACT: DISABILITY DISCRIMINATION)

115. Defendant repeats and realleges the responses to the allegations contained in paragraphs 1 through 114 as if fully restated herein.

116. Denied.

117. Denied.

118. Admitted.

119. Denied.

120. Denied.

121. Denied.

## COUNT II
## (REHABILITATION ACT: RETALIATION)

122. Defendant repeats and realleges the responses to the allegations contained in paragraphs 1 through 114 as if fully restated herein.

123. Denied.

124. Denied.

125. Admitted.

126. Denied.

## COUNT III
## (TITLE II ADA: DISABILITY DISCRIMINATION)

127. Defendant repeats and realleges the responses to the allegations contained in paragraphs 1 through 114 as if fully restated herein. Defendant otherwise denies the allegations contained in paragraph 127.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

## COUNT IV
## (TITLE II ADA: RETALIATION)

132. Defendant repeats and realleges the responses to the allegations contained in paragraphs 1 through 114 as if fully restated herein.

133. Denied.

134. Denied.

135. Denied.

**Defendant denies all other allegations, including all allegations contained in any subparagraph, wherefore clause, or prayer for relief, that are not otherwise expressly admitted herein.**

## AFFIRMATIVE DEFENSES

1. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim on which relief may be granted. Plaintiff's claims for discrimination under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973 should be dismissed because Plaintiff fails to adequately allege that she is qualified.

2. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim on which relief may be granted. Plaintiff's claims for retaliation under Title II of the ADA and Section 504 of the Rehabilitation Act of 1973 should be dismissed because Plaintiff fails to sufficiently allege causation.

3. Plaintiff's claims in Counts III and IV, which are brought under Title II of the Americans with Disabilities Act, are barred by sovereign immunity because Plaintiff cannot

establish that Defendant has committed an independent violation of the United States Constitution, or ongoing and continuous violations of federal law.

4. Based on the applicable statute of limitations, Plaintiff is not entitled to relief under Title II of the ADA or Section 504 of the Rehabilitation Act of 1973 for any alleged conduct that occurred more than four (4) years prior to the filing of this lawsuit.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not exhaust her administrative remedies.

6. Plaintiff is not a qualified individual as required by Title II of the ADA and Section 504 of the Rehabilitation Act of 1973.

7. Every action taken by the University regarding Plaintiff was for legitimate and non-discriminatory reasons wholly unrelated to Plaintiff's alleged disability.

8. The University would have taken the same actions with regard to Plaintiff irrespective of any disability or alleged protected activity.

9. Every action taken by the University regarding Plaintiff was for legitimate and non-retaliatory reasons. The University's actions were not caused by Plaintiff's exercise of her rights under Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, or any other alleged protected activity.

10. The University's actions were not the direct and/or proximate cause of any injury that Plaintiff alleges to have suffered because Plaintiff was dismissed for non-discriminatory and nonretaliatory reasons.

11. At all times material hereto, the University acted in good faith and with reasonable grounds for believing that it was not violating the Americans with Disabilities Act or Section 504 of the Rehabilitation Act of 1973.

12. Plaintiff's damages are barred or reduced to the extent Plaintiff has failed to mitigate her damages.

13. The University is entitled to a setoff of any damages that may be awarded in this case based upon any and all payments or benefits paid or otherwise available to Plaintiff from any collateral sources.

14. To the extent Plaintiff claims to have suffered any mental anguish and/or emotional distress, Plaintiff is not entitled to damages for any such injuries, as any such injuries stem from causes and conditions unrelated to the actions of UNF and/or its agents.

15. Plaintiff is not entitled to compensatory damages under the Rehabilitation Act of 1973 or Title II of the Americans with Disabilities Act because any alleged discrimination by the University was not intentional.

16. Plaintiff is not entitled to punitive damages under the Rehabilitation Act of 1973 or Title II of the Americans with Disabilities Act because such damages are not recoverable.

17. The University is entitled to a setoff of any damages that may be awarded in this case based upon any and all payments or benefits paid or otherwise available to Plaintiff by UNF.

18. Plaintiff's claims are barred by accord and satisfaction as the University reimbursed Plaintiff for tuition and fees.

Dated this 8TH day of September, 2020.

                Respectfully submitted,

                ALEXANDER DEGANCE BARNETT, P.A.

                By: /s/ Kelly DeGance
                Kelly DeGance
                Florida Bar No. 0606022
                E-mail: kelly.degance@adblegal.com
                Samantha Giudici Berdecia
                Florida Bar No. 0058667
                E-mail: samantha.giudici@adblegal.com
                E-mail: mailbox@adblegal.com
                1500 Riverside Avenue
                Jacksonville, FL 32204
                (904) 345-3277 Telephone
                (904) 345-3294 Facsimile

                *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will serve the document electronically by email to the following: Wm. J. Sheppard, Elizabeth L. White, Matthew R. Kachergus, Bryan E. DeMaggio, Jesse B. Wilkinson, and Camille E. Sheppard, Sheppard, White, Kachergus & DeMaggio, P.A., 215 Washington Street, Jacksonville, FL 32202 (sheplaw@sheppardwhite.com).

                /s/ Kelly DeGance
                ATTORNEY